OSTERLOH vs. THE NEW DENMARK MUTUAL HOME FIRE IN-
SURANCE COMPANY.

*February 23 — March 18, 1884.*

*Insurance against fire: Waiver of conditions.*

After notice of breaches of conditions avoiding a contract of insurance, the officers of a mutual insurance company failed to cancel the policy, and subsequently made and collected an assessment upon the stock of the insured in the company, on account of such policy. *Held*, that the conditions were waived.

APPEAL from the Circuit Court for *Brown* County.

Action upon a policy of insurance against fire issued by a town insurance company. The facts sufficiently appear from the opinion. The defendant appealed from a judgment in favor of the plaintiff.

*John J. Tracy*, for the appellant.

For the respondent there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*.

ORTON, J. There is no bill of exceptions in this case, and there was no motion for a new trial on the merits, or for errors, so that the only questions before this court relate to the special findings of the jury, and are (1) whether, upon such findings, the defendant company did not waive the conditions in the policy and by-laws of the company in respect to alterations of the building insured by an addition thereto, in which there was no chimney of stone or brick, and the stove-pipe from the stove within the same was passed through the roof, through an iron plate on the same; and (2) whether the fire originated in such addition or by means of said stove-pipe.

There was a general finding directed by the court (1) that this was a mutual policy in a town insurance company upon a building used for a dwelling and a store, in which there was

a chimney from the fires therein; (2) that there was a condition in the policy that in case alterations were made by adjacent buildings, or any alterations increasing the risk, the insured should notify the company and pay additional premiums, and that the company might cancel the policy, and that it should be void. And there was also a condition in the policy and by-laws that chimneys of stone or brick should be the only escape of the smoke from fires. There is also a general finding that the fire was first *discovered* in such addition, and near where the kitchen stove-pipe passed through the ceiling and roof, and that such addition, in this condition, was built about a year after the policy was issued in 1877, and that not long afterwards the officers of the company had notice thereof. The policy was for five years. The fire occurred in 1882. After the officers of the company had notice of this alteration of the insured property, the company made an assessment upon the mutual stock of the plaintiff in the same, and on account of this policy, and received it in money.

The special findings of the jury pertinent to this inquiry are (1) that the officers of the company knew of the condition of this additional structure many months before the fire, and ordered the plaintiff to put up a chimney and take out the stove-pipe, and he promised to do so; (2) that the secretary of the company knew of this alteration and defect as early as 1880. The most of the intermediate findings are substantially a repetition of the above, until the thirteenth finding, which was that after the company had notice of this addition, and the want of a chimney therein, they made an assessment upon the stock of the plaintiff in the company by virtue of the policy (which was conceded to have been paid). The only other findings material are the eighth and tenth, that the jury *did not know* whether the fire originated in the addition or from the use of the stove-pipe therein. Both parties moved for judgment on these findings, and the motion of the plaintiff was allowed.

The legal conclusions from these facts are: (1) That the company waived this condition of the policy by not canceling it after notice of its breach, and receiving the assessment on the plaintiff's stock on account of it. The evidence of such waiver in this case is much stronger than in most cases in this court in which it has been held. There could scarcely be any act more strongly indicating the continuance of the policy, after the breach of conditions thereon, than this assessment. It is so held in *Viall v. Genesee Mut. Ins. Co.*, 19 Barb., 440. In support of the principle we might cite cases too numerous to mention in this opinion. See *Joliffe v. M. M. Ins. Co.*, 39 Wis., 111; *Palmer v. St. P. F. & M. Ins. Co.*, 44 Wis., 201; *Erdmann v. Mut. Ins. Co.*, 44 Wis., 376. (2) The alteration did not damage the defendant company in the least, so far as the jury found; so that the company treated it as immaterial, and, so far as we know, it was immaterial to the risk. A clearer case could not well come before this court.

*By the Court.*— The judgment of the circuit court is affirmed.