## NORTHWESTERN MUTUAL LIFE INS. CO.
### v.
## MARTHA E. AMERMAN.

INSURANCE—ACCEPTANCE OF PREMIUM—WAIVER.—Acceptance of premiums by an insurance company, with the knowledge that the policy is subject to forfeiture by reason of the violation of a condition, is a waiver of the condition, and the policy will be binding.

APPEAL from the Circuit Court of Peoria county; the Hon DAVID McCULLOCH, Judge, presiding. Opinion filed August 7, 1885.

Messrs. CRATTY BROS., FULLER & GALLUP and Mr. MILES A. FULLER, for appellant; as to waiver, cited May on Insurance, § 361; Chicago Life Ins. Co. v. Warner, 80 Ill. 413.

Messrs. Worthington & Page, for appellee; as to waiver of condition by acceptance of premiu n, cit;d Conn. Ins. Co. v. Spankneble, 52 Ill. 53; Atlantic Ins. Co. v. Wright, 22 Ill. 462; N. E. F. & M. Ins. Co. v. Schettler, 38 Ill. 166; Lycoming Ins. Co. v. Barringer, 73 Ill. 230; Ætna Ins. Co. v. Maguire, 51 Ill. 342; Reaper City Ins. Co. v. Jones, 62 Ill. 458; Phenix Ins. Co. v. Slaughter, 12 Wall. 404; Chicago Life Ins. Co. v. Warner, 80 Ill. 410; Ins. Co. v. Slockbower, 26 Penn. 199; North Berwick Co. v. N. E. F. & M. Ins. Co., 52 Me. 336; Viele v. German Ins. Co., 26 Ia. 9.

Welch, J.   On the 11th day of February, 1882, the appellant issued a policy on the life of David A. Amerman for the sum of $1,000, payable, in case of his death, to the appellee. The premiums on said policy were to be paid semi-annually, at or before noon, on the 11th day of February and August in every year during the continuance of the policy.   Among the conditions on which said policy was issued was the following:   "This policy   *   *   *   is issued and accepted by the parties in interest on the following express conditions:   If the said David A. Amerman   *   *   *   shall be personally employed   *   *   *   as engineer or fireman of any locomotive engine, or in switching or coupling or uncoupling cars, or be employed in any capacity on the trains of a railroad, except a passenger or sleeping-car conductor, mail agent, express messenger or baggage master, without in each or either of the foregoing cases having first obtained the written consent of the company   *   *   *   or if any of the statements in the application for this policy shall be found in any respect untrue, then, and in every such case, this policy shall be void."   Upon this policy the first premium was paid at the time the policy was issued, and the second premium was paid to J. N. Foger, the local agent of the appellant, residing at Peoria.

No further premiums were paid, Amerman having been killed in coupling cars, at Cruger, in Woodford county, Illinois, about 8 o'clock A. M., February 11, 1883.   When killed he was employed as conductor of a freight train on t'e

Wabash railroad, and in the discharge of his duties as such went between two flat cars loaded with bridge timber to make a coupling and was killed. Proof of death was made by appellee, the beneficiary in said policy, and the appellant declining to pay, appellee brought this action of assumpsit on the policy. Appellant filed a general demurrer to the declaration, which was overruled. Appellant then filed the general issue and two special pleas. The first special plea is, in substance, that the policy of insurance sued upon provides that if the person whose life is insured shall, without the written consent of the company insuring same being first had, become personally engaged or employed in switching or coupling or uncoupling cars upon a railroad, then such policy becomes null and void. That the insured did, after the issue of such policy and without the written consent of the company, become so engaged and employed, etc. The second special plea, that the policy of insurance sued upon in this case provides in substance, that if the person whose life is insured shall, without the written consent of the company insuring same being first had, become engaged or employed in any capacity on the trains of a railroad, except as passenger or sleeping car conductor, mail agent, express messenger or baggage master, then such policy becomes null and void. That said insured did, after the issue of such policy, and without the written consent of the company first had as aforesaid, become engaged and employed in a capacity on the trains of a railroad other than passenger or sleeping car conductor, mail agent, express messenger or baggage master, etc. Similiter as to general issue; demurrer to first and second special pleas; demurrer overruled. Appellee replies to first special plea, that the insured did not, after the issue of said policy, without the consent of the appellant, become engaged and employed in the switching and coupling and uncoupling of cars upon a railroad. Avers that appellant, with knowledge of the fact that insured was engaged and employed upon the trains of a railroad in said capacity, afterward, to wit, on July 1, 1882, notified him that his premium would be due August 11, 1882, and requested its payment, and that assured paid

same on August 11th, and defendant accepted same and gave a receipt therefor, to the effect that said policy was thereby made binding for six months from said August 11th. That on January 2, 1883, defendant sent insured a semi-annual notice that the premium would be due February 11, 1883, and that before August 11, 1883, said Amerman died, and that it received from plaintiff the amount of the premium upon said policy accruing August 11, 1883; wherefore defendant waived the benefit of said clause in said policy, and is estopped to plead the same, etc. And as to the second special plea appellee replied that appellant, with full knowledge of the fact that insured was engaged and employed in a capacity on the trains of a railroad otherwise than as a passenger or sleeping car conductor, mail agent, express messenger, or baggage master, waived said condition in said policy, and on August 11, 1882, accepted and received $12.47 in full payment of semi-annual premium due, according to the terms of the said policy, and issued its receipt therefor, providing that said policy was thereby made binding for six months from August 11, 1882, and that appellant had waived the said condition. A second replication to said plea was filed setting up that the appellant, long prior to July 1, 1882, had knowledge of the fact that insured was employed and engaged as a conductor of a freight train without the written consent of the appellant, and having this knowledge, did, on July 1, 1882, notify insured that his premium would be due on August 11, 1882, and that in compliance with said notice the insured made payment on August 11, 1882, and that appellant gave its receipt countersigned by its agent, stating that such policy was thereby made binding for six months from said date; and that on the 2d day of January, 1883, s ill with said knowledge, appellant sent the insured a semi-annual notice that his premium would fall due on February 11, 1883, and that appellant is estopped to plead same, etc. Rejoinder to and traverse of each replication. Trial and verdict for appellee for $1,000. Motion for new trial; motion overruled and judgment; from which this appeal is taken.

Under the issues and evidence in this case is appellee estopped from insisting on a forfeiture of the policy?

On the 20th day of April, A. D. 1882, Amerman wrote to Dean and Payne, general agents of appellant at Chicago, that on the 11th day of February he was insured in appellant's company for $1,000, and at the time was employed as clerk in the Wabash railroad office, but had recently gone on the road braking, with the expectation of something better, and to inform him if there would be any change in his policy, if so, what change. On May 1st Dean and Payne wrote him that the company would not issue permits for his present business and advised him to take out an accident policy for six months or a year. "In the meantime you may quit braking, when our policy will be good." On the 1st day of July, 1882, a notice by the appellant was given David A. Amerman, the insured, of the semi-annual premium due and payable on the 11th day of August, 1882, and in pursuance of that notice Amerman paid to the agents of appellant the semi-annual premium due on said policy August 11th, and received from appellant the following paper: "Northwestern Mutual Life Insurance Company Policy No. 112,006, insuring the life of David A. Amerman, is hereby made binding for six months from the 11th day of August, 1882, providing payment as per margin is made in due time, and the receipt is countersigned by I. N. Foger, agt., Peoria;" "This payment and receipt shall not have the force or effect to continue the policy beyond the period above stated." The margin referred to was the receipt for the payment made as above stated, August 11th. On the 2d day of January, 1883, notice by the appellant was given to said Amerman of the semi-annual premium due February 11, 1883.

The company, with full notice, on the 20th of April, 1882, that the insured had engaged in a business that subjected his policy to forfeiture, on July 1st notify him to pay his semi-annual premium on August 11th, and in pursuance of that notice he pays the same, and they issue to him a paper continuing his policy for six months, and then again on January 2d give him another notice of the semi-annual premium due February 11th.

As was well said in Commercial Ins. Co. v. Spankneble, 52

Ill. 57, "It would be a fraud to permit the company to receive the premium when they knew the policy was not binding and which they never intended to pay." Acceptance of premiums, knowing that the policy is subject to forfeiture by reason of the violation of a condition, is a waiver of the condition, and the policy will be binding.

We are of the opinion from the evidence in this case that appellants waived the forfeiture, and are now estopped to invoke it as a defense in this action.    There was no error as to the admission of evidence or in the instructions.

The judgment is affirmed.