No. 14,412.

## THE PHENIX INSURANCE COMPANY, OF BROOKLYN, *v.* TOMLINSON ET AL.

INSURANCE.—*Non-Payment of Premium.— Waiver of Right to Declare Forfeiture of Policy.*—The right to declare a forfeiture of a policy for the non-payment of premium may be waived, which waiver may be manifested by conduct as well as by words.

SAME.—*Acceptance of Premium After Loss.—Forfeiture of Policy.—Waiver.*— The insured paid in money a part of the premium, and executed his note for the remainder. The note was not paid at maturity, and judgment was recovered thereon against the insured before the loss occurred. A stay of execution was procured, and at the expiration thereof, which was after the loss, the judgment was paid and satisfied. The policy contained this provision: " In case the assured fails to pay the premium note at the time specified, then this policy shall cease to be in force, and remain null and void during the time said note remains unpaid after its maturity, and no legal action on the part of this company to enforce payment shall be construed as reviving the policy. The payment of the premium, however, revives the policy and makes it good for the balance of the term."

*Held,* that the company was liable for the loss, since by accepting the premium after the loss occurred it waived the right to declare a forfeiture of the policy, and confirmed the contract as of the date of its execution. *American Ins. Co.* v. *Henley,* 60 Ind. 515, and *American Ins. Co.* v. *Leonard,* 80 Ind. 272, distinguished.

From the Marion Superior Court.

*A. Gilchrist, C. A. De Bruler, A. C. Ayres, E. A. Brown* and *L. M. Harvey,* for appellant.

*J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellees.

ELLIOTT, J.—The complaint of the appellee alleges that the appellant issued to him a policy of insurance covering a period of five years; that in payment of the premium the appellee gave the appellant $9.73 in money, and executed a promissory note for $16.39; that the property insured was destroyed by fire on the first day of August, 1887; that immediately thereafter he gave the appellant due notice of the

loss, and that the appellee performed all of the conditions of the contract on his part. The averment of performance is, however, qualified by specific allegations, which read thus : " And the plaintiff admits it to be true that when said premium note became due he did not pay the same. But he would further show that after the maturity of the note, and prior to the loss, to wit : on the 25th day of June, 1887, said Phenix Insurance Company recovered judgment against the plaintiff on said premium note, for the full amount thereof, before one Ezra Martin, a justice of the peace in and for Wayne township, Marion county, Indiana ; that the plaintiff procured execution to be stayed, by one ———— offering himself as replevin bail, who was accepted as such by said justice of the peace ; that said replevin bail had thus been tendered and accepted before the happening of said loss ; that thereafter, on the expiration of the stay of execution, to wit ; on October 10th, 1887, the said judgment was, by this plaintiff, fully paid and satisfied to said justice of the peace."

The policy contains the following provision :

" In case the assured fails to pay the premium note, or order, at the time specified, then this policy shall cease to be in force, and remain null and void during the time said note, or order, remains unpaid after its maturity, and no legal action on the part of this company to enforce payment shall be construed as reviving the policy. . The payment of the premium, however, revives the policy and makes it good for the balance of its term."

The contention of the appellant is that the complaint is bad, for the reason that it is not shown that there was a performance of the conditions precedent on the part of the plaintiff. The theory of the appellant's counsel is that the appellant did not, by resorting to legal proceedings, nor by accepting the amount of the judgment rendered on the note, waive its right to insist that the appellee lost his claim to the benefit of the policy during the time the premium remained

unpaid. The counsel for the appellee thus outline their theory. "Our contention is not at all that the taking of the judgment on the premium note, and the entering of replevin bail, were equivalent to the payment of the note; hence, we do not discuss any citations to that point. Our theory of the case is this: We say that when the note went past due, the insurance company had a right to declare such policy forfeited for such non-payment, and it likewise had the power to waive such forfeiture, and consider the policy in force; that this waiver may be by conduct as well as by words; that there are certain lines of action, or conduct, which in law clearly work a waiver of any such forfeiture."

It is established law that the right to declare a forfeiture of a policy for the non-payment of premiums may be waived, and that the waiver may be manifested by conduct as well as by words. *Sweetser* v. *Odd Fellows, etc., Ass'n*, 117 Ind. 97; *Willcuts* v. *Northwestern, etc., Ins. Co.*, 81 Ind. 300; *Behler* v. *German, etc., Ins. Co.*, 68 Ind. 347; *United Life, etc., Ins. Co.* v. *President, etc., Ins. Co.*, 42 Ind. 588; *Insurance Co.* v. *Eggleston*, 96 U. S. 572; *Appleton* v. *Phenix M. L. Ins. Co.*, 59 N. H. 541; *Stylow* v. *Wisconsin Odd Fellows, etc., Ins. Co.*, 69 Wis. 224; *Helme* v. *Philadelphia, etc., Ins. Co.*, 61 Pa. St. 107. This general rule is too firmly settled to be shaken, so that the only question which is here open to controversy is, whether the company did waive the right to forfeit the policy by an acceptance of the premium after the loss had occurred.

It is proper to say at the outset that this case is to be discriminated from such cases as *American Ins. Co.* v. *Henley*, 60 Ind. 515, and *American Ins. Co.* v. *Leonard*, 80 Ind. 272, for the reason that in those cases the premium notes were shown to be unpaid at the time of the loss, and it did not appear that the insurance company had subsequently accepted payment, while here there was an acceptance of the premium after the loss occurred.

We can not perceive any solid ground upon which it can be held that an insurance company may accept payment of the entire premium after a loss has occurred, and yet escape payment of the loss. By accepting payment it affirmed the validity of the policy, and tacitly asserted that the policy was in force from the time it was executed. In such a case there is no interregnum in which there was a lifeless policy, for the policy is continuous in its nature and effect, and the premium covers the risk as an entirety. It would do violence to the intention of the parties and the language of their contract to declare, as the appellant seeks to have us do, that the payment simply revived the policy. It can not be justly affirmed that the parties meant to revive a policy in a case where, as here, the act which revived it was performed after the loss occurred. The reasonable effect to be attributed to such an act is that the parties meant that the affirmance of the contract should relate back to the execution of the policy.

In our judgment, acceptance of the premium after the loss has occurred, is a waiver of the right to declare a forfeiture of the policy, and not a mere act of revivor. It is not reasonable to assume that the parties meant to do no more than revive the policy and give it force from the time of the acceptance of payment, since, as the loss had already occurred, the insured could acquire no benefit from the revived policy. The only rule which would yield him benefit and give him a consideration for his money is that which we adopt.

It is a principle of wide sweep that forfeitures are not favored, and within the spirit of this principle such cases as this clearly fall. To treat the acceptance of the premium as merely reviving the contract is, in effect, to adjudge a forfeiture, for, in the event that we should adopt the views of the appellant, the result would be the same as to adjudge the policy forfeited. This is clear when it is brought to mind that if the policy is held to be lifeless from the time of de-

fault in payment until after the loss, it must also be held that the insured can not recover anything upon his contract. A construction of the conduct of the parties which will practically produce the same result as a declaration of forfeiture is one which it is the duty of the courts to avoid if it can reasonably be done. It is clear that this construction may be reasonably avoided; it is, indeed, quite clear that such a construction as that for which the appellant contends would be against reason and justice.

It is a familiar general rule that a party who accepts and retains benefit from a contract confirms the contract as it was executed. Under the operation of this general rule there is not a revival of a contract, but a confirmation, and we can see no reason why such a case as this should be excepted from the rule. The doctrine we approve produces equitable results. It certainly does so in this case, for it is but just that the company, having accepted the entire premium after the occurrence of the loss, should yield the consideration for which the premium was paid. It is not just that the company should retain the premium and give no value in return.

The fact that all of the property insured was not destroyed does not affect the question for the policy is indivisible and continuous. If, to put an illustrative case, the premium should be five hundred dollars and the amount of the loss only fifty dollars, and the insurance company should enforce payment of the entire premium after the loss occurs, it seems quite clear that it could not escape payment of the loss, and the principle in the real case must be the same as that in the supposed, for the amount can not change a fundamental principle of law. It was not in the power of the assured to pay part only of the premium; he was bound to pay it all or lose the benefit of his contract. The rights of the parties are reciprocal. The company was not bound to accept part of the premium, nor had it a right to treat the premium as paid upon part only of the property insured. It was the,

right of the company to refuse to accept part of the premium, but it had no right to accept the whole premium and treat it as payment for an insurance upon part only of the property covered by the policy. Having accepted the entire premium, with full notice of the loss, it confirmed the contract as to the whole of the property insured. It had the right to elect to accept or reject the premium, but it can not accept the entire premium and yet assert that it is liable only from the time of the acceptance although the loss occurred prior to that time.

The provision of the policy we have quoted does not provide that the default in payment shall entitle the company to treat the premium as earned, if it did we should have a more difficult question. In this instance the premium was not earned, for the period covered by the policy was five years, and the loss occurred within seventeen months after the policy was written. There was, in fact, at the time of the loss, and at the time of the acceptance of the amount of the judgment, no earned premium beyond that paid in cash. Nor is there any recital that default shall entitle the company to treat the premium as earned. There is, therefore, no tenable ground upon which the company can justify its act in taking the insured's money and yet repudiate liability for the loss. The moment the risk attached the premium paid was beyond recovery by the insured. *Standley* v. *Northwestern, etc., Ins. Co.*, 95 Ind. 254 ; *Continental Life Ins. Co.* v. *Houser*, 111 Ind. 266.

His right is correspondent to his burden ; he can not get his money back but he can enforce his contract, and his contract is continuous for the period named, and indivisible as to the property described. When the company accepted payment of the entire premium it waived all right to forfeit the policy, for, as the insured can get back no part of the premium paid, neither can the company escape the performance of its part of the contract. It can not have the benefit and escape the burden. The only natural and reasonable con-

struction which can be placed upon the conduct of the company is that it elected to waive its right to take advantage of the default in payment. And this is the only legal and equitable construction that can be given to its acts; for it can not repudiate the policy in part and confirm it in part. It can no more accept and retain the entire premium without confirming the contract than can the insured recover back the premium paid after the risk has attached. It was in the power of the company to accept or refuse payment; it made its election, and it must abide the legal consequences of that act. It was a voluntary performance, with full knowledge of all the material facts, and the election was complete.

We have studied with care the cases referred to by the appellant's counsel and we can not regard them as sustaining the position counsel assume, for we do not believe that in any of them is the doctrine asserted that under such a policy as that before us the insurance company may, with knowledge of the loss and notice that the assured is affirming the validity of the policy, accept and retain the entire premium and yet refuse to pay the loss. In *Klein* v. *Insurance Co.*, 104 U. S. 88, there was no offer to pay the premium until after the death of the assured and then the offer was refused, the company declining to accept the money and offering to pay the surrender value of the policy. The policy in the case of *Wall* v. *Home Insurance Co.*, 36 N. Y. 157, contained a provision that in case of default in the payment of the note given by the insured "the premium shall be considered as earned," and the evidence showed that after the loss the insured offered to pay the premium and that it was declined. The evidence also showed that before knowledge of the loss the agent of the insurance company agreed that "he would not press for payment of the note; that it might lie over for a short time." The court held that there could be no recovery. The court was, as we believe, in error in holding that there was no waiver of payment sufficient to excuse the

insured, for there are well reasoned cases which assert a different doctrine, and among them our own and one or more in New York. *Sweetser* v. *Odd Fellows, etc., Ass'n, supra; Home Insurance Co.* v. *Gilman,* 112 Ind. 7. But granting that the decision is sound, it can not aid the appellant, for the reason that in this instance there was an acceptance of the entire premium with full knowledge of all the facts. In *Williams* v. *Albany City Ins. Co.,* 19 Mich. 451, it was held that where the policy provided that in case default was made in the payment of a premium note " the premium shall be considered as earned," acceptance of the premium after knowledge of the loss did not preclude the company from taking advantage of the provisions of the policy declaring that it should be inoperative during the time the premium remained unpaid. The decision rests, for authority, entirely upon *Wall* v. *Home Insurance Co., supra,* and we are not inclined to regard it as of controlling influence for the reason that there is an essential difference between the provisions contained in the policy in that case and those found in the policy before us. We are, indeed, not convinced of the soundness of the decision, but it is not necessary to do more than decline to regard it as in point, and in this we are fully supported by the later case of *Yost* v. *American Ins. Co.,* 39 Mich. 531, where the court expressed an opinion as to the force and meaning of the provision in the policy to which we have referred.

The only case directly in point referred to by counsel, or discovered by us, is that of *Joliffe* v. *Madison Mutual Ins. Co.,* 39 Wis. 111. That case received careful consideration, and the decision sustains the position of the appellee. The court discriminates the case before it from those in which the policy provides that in case of default the payment shall be deemed to be earned, and builds its decision principally upon the ancient doctrine that where there is no risk there is no right to a premium. It is declared that Mr. May's statement of the law is correct, and the court quotes what is said

by him in speaking of a contract of insurance, and that is this: "It is, moreover, a conditional contract; for when no risk attaches no premium is to be paid, or, if paid, must, in the absence of fraud, be returned to the assured. In point of fact, the contract is to pay the premium on condition that the risk is run, and the refunding a premium is of frequent occurrence in maritime insurance; and that, too, in cases where it is entirely optional with the assured whether the property insured shall be put at hazard or not, as when the ship is never despatched by the owner on the projected voyage. The language of Lord MANSFIELD in *Tyrie* v. *Fletcher,* Cowp., 668, is explicit: 'When the risk has not been run, whether its not having been run was owing to the fault, pleasure or will of the insured, or to any other cause, the premium shall be returned.' And this principle is alike applicable to all policies of insurance." May Insurance, section 4. The court applied this doctrine to the case before it, and said: "But the defendant received the whole cash premium for which the note was given. By so doing, it received compensation for the risk covering the time when the loss occurred, and we think that it can not now be heard to allege that at the time of the loss it had no risk on the property insured. The acceptance of the full premium after notice of the loss is entirely inconsistent with the claim that the risk was suspended when the loss occurred." The decision in *Lyon* v. *Travellers' Ins. Co.,* 55 Mich. 141, while not directly in point, does assert a doctrine which bears strongly upon the case under investigation. In the case referred to orders for the premium were drawn upon a railroad company, but were not paid, and the court held the insurance company liable, saying, among other things, that "A forfeiture is not favored either at law or in equity, and a provision for it in a contract will be strictly construed, and courts will find a waiver upon slight evidence, when the equity of the claim made, as in this case, is, under the contract, in favor of the insured." It is, however, insisted by the counsel for the appellant that

the case of *Bane* v. *Travellers' Ins. Co.*, 85 Ky. 677, is opposed to the case last mentioned, but we think counsel are in error, for the Kentucky court puts its decision upon the ground that the assured had not earned the wages which he assumed to assign, and declares that in this respect the case differs from *Lyon* v. *Travellers' Ins. Co.*, *supra*. In *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410, the court said : " But it may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as a matter of law waived ; and it is now settled in this court, after some difference of opinion, that such a waiver need not be based upon any new agreement or an estoppel." Other cases assert a similar doctrine. *Osterloh* v. *New Denmark, etc., Ins. Co.*, 60 Wis. 126 ; *Cannon* v. *Home Ins. Co.*, 53 Wis. 585 ; *Farmers', etc., Ins. Co.* v. *Bowen*, 40 Mich. 147 ; *Phœnix Ins. Co.* v. *Lansing*, 15 Neb. 494.

In the case last cited the court, in speaking of the duty of the insurance company, said : " But it can not treat the policy as valid to collect the premium, and void for the payment of losses. The note having been paid after the loss, the acceptance of the money waived the condition of forfeiture in the policy, and it was valid and subsisting at the time of the loss."

The case before us falls within the principle declared in the cases cited. The acceptance of the money was after the loss and after the company knew that the assured was affirming the validity of the policy and his right to recover the loss. It knew that he did not regard the policy as suspended, and by accepting the money it confirmed the contract as of the date of its execution.

We adjudge that the complaint makes a case sufficiently strong to drive the appellant to answer.

Judgment affirmed.

Filed Sept. 18, 1890.