## AARON MILKMAN *vs.* UNITED MUTUAL INSURANCE COMPANY.

### PROVIDENCE—MARCH 31, 1897.

PRSEENT : Stiness and Tillinghast, JJ.

The general rule that the acceptance by an insurance company of the premium after a full knowledge of the violation of the conditions of a policy is a waiver of any forfeiture because of such violation, applies to all causes of forfeiture. Receiving the premium after a loss is an affirmation of the validity of the policy. The receipt of the premium by the secretary of the company, under the conditions stated, is the act of the company.

DEFENDANT'S petition for a new trial.

STINESS, J.   The defendant petitions for a new trial, upon the grounds of erroneous rulings and of verdict against the evidence.

A policy of insurance was issued by the defendant to the plaintiff, January 10, 1896, upon a stock of goods in a store, with a special provision in the policy " to maintain the automatic sprinkler equipments, now in use, in full working order during the continuance of this policy."

The principal questions which have been argued relate to the authority of the broker to insert this clause and the liability under it, but it is not necessary to consider these questions ; because, assuming all that the defendant claimed in regard to the warranty, the plaintiff sets up the fact, which is not disputed, that the defendant accepted the premium on this policy after the fire, and after full knowledge of the fact that there were no sprinklers in the store.   It is a general rule that the acceptance of a premium after a full knowledge of the violation of the condition of a policy is a waiver of any forfeiture from such violation.   May on Ins. § 362.   The defendant concedes that this rule applies to provisions relating to non-payment of premiums, but denies its application to other causes of forfeiture and also to the receipt of a premium after a loss.   That the rule applies to all causes of forfeiture is evident from the following cases :   *Osterloch* v. *New Denmark Co.*, 60 Wis. 126, where the alleged ground of forfeiture was alteration in buildings ; *Story* v. *Hope Ins. Co.*, 37 La. An. 224, change of occupation increasing the risk ; *Phœnix L. Ins. Co.* v. *Raddin*, 120 U. S. 183, change of habits from temperate to intemperate ; *N. W. Mut. Life Ins. Co.* v. *Amerman*, 16 Ill. App. 528, change of employment, increasing risk ; *Frost* v. *Saratoga Ins. Co.*, 5 Denio, 154, false warranty ; *Germania Ins. Co.* v. *Rudwig*, 80 Ky. 223, removal beyond prescribed limits ; *Schwarzbach* v. *Ohio Valley Prot. Un.*, 25 W. Va. 622, known disease.

The defendant relies on *Cedar Rapids Ins. Co.* v. *Shimp*, 16 Ill. App. 248, which, in *dicta*, supports the defendant's position.   But in that case the insurance company simply collected a note, which had been given a year before, as a

part of the premium when the policy was issued, and which was treated, as a part of the consideration of the policy, the same as though it had been cash paid at the start.

We see no sufficient reason for a distinction, either in the cause of forfeiture or the time of the waiver. It is just as inconsistent for the company to take the premium after it knows of a breach of one condition, and then say that the policy is void, as it is to do so for breach of any other condition, and equally so after or before a loss. In either case the company virtually says : "We take your money, knowing all the facts, but you have no policy." We find no such distinction in cases. Mr. Justice Gray, in *Phœnix Life Ins. Co.* v. *Raddin, supra,* points out the dishonesty of such a position thus : "The question is whether if insurers accept payment of a premium after they know that there has been a breach of a condition of a policy, their acceptance of the premium is a waiver of the right to avoid the policy for that breach. Upon principle and authority there can be no doubt that it is. To hold otherwise would be to maintain that the contract of insurance requires good faith of the assured only, and not of the insurers, and to permit insurers, knowing all the facts, to continue to receive new benefits from the contracts while they decline to bear its burdens."

The Court of Appeals of New York, by Earl, J., in *Titus* v. *Glen Falls Ins. Co.*, 81 N. Y. 410, said : "It may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, the company recognizes the continued validity of the policy, or does acts based thereon or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is, as a matter of law, waived ; and it is now settled in this court, after some difference of opinion, that such waiver need not be based upon any new agreement or an estoppel."

In *Phœnix Ins. Co.* v. *Tomlinson*, 125 Ind. 84, the premium was accepted after a loss, and the breach relied on was the non-payment of premium in time. Of course it was held to be a waiver, but the language of the court does not import a distinction on that ground. The court says : "We cannot

perceive any solid ground upon which it can be held that an insurance company may accept payment of the entire premium after a loss has occurred, and yet escape payment of the loss. By accepting payment it affirmed the validity of the policy, and tacitly asserted that the policy was in force from the time it was executed."

*Phœnix Ins. Co.* v. *Lansing*, 15 Neb. 494, is to the same effect.

It is suggested in the defendant's brief that only a part of the premium was paid, but this is not the fact, as shown in the testimony. The entire premium due on this policy, $22.30, is entered on the debit side of the agent's account with the company, although there is also an item of $11.18 on the credit side which is not explained.

It is also suggested that under the terms of the policy there cannot be a waiver of conditions by the act of any officer. We do not need to pass upon the effect of such a stipulation, since in this case the waiver is the act of the company. The company received the premium, and although it did so through its secretary, still if that is not the act of the company then nothing is.

Our opinion is that the alleged breach of warranty has been waived, and that the petition for a new trial must be denied.

*J. Jerome Hahn*, for plaintiff.

*Dexter B. Potter*, for defendant.