[Filed December 16, 1890.]

## GEORGE POPE *v.* J. P. AMES ET AL.

INTERPLEADER—WHEN IT LIES.— When two or more persons severally claim the same thing, debt or duty from the party liable therefor, such party may maintain a suit in equity to compel such persons to litigate the title thereto between themselves, such party having incurred no independent liability to any of claimants and being merely in the position of a stakeholder, without interest in the matter himself.

RECEIVER.— DATE OF HIS TITLE.— The title of a receiver on his appointment, dates back to the time of granting the order.

Marion county: R. P. BOISE, Judge.

Plaintiff appeals. Reversed.

The object of this suit is to determine the right to certain money in the hands of the plaintiff, and which is claimed by the defendants Ames and Detrick, as attaching creditors of A. Grant, and by David McCully, receiver of A. Grant's estate.

The complaint shows that about the 13th of December, 1888, A. Grant consigned to the plaintiff seventy-four bales of hops to be sold on commission; that prior to the 29th day of June, 1889, in an action instituted in the circuit court of Marion county, Oregon, wherein Lewis Pettyjohn was plaintiff and A. Grant was defendant, a judgment in the sum of $2,841.70 was rendered in favor of said plaintiff and against said defendant, and an execution duly issued thereon; that on the date last aforesaid, David McCully was duly appointed receiver by said court of all of the debts, property, equitable interests, rights and things of said A. Grant, in order that said judgment might be paid and satisfied; that on July 5, 1889, said McCully duly notified the plaintiff of his appointment as receiver, and directed him to hold for and turn over to him, said McCully, any and all moneys which plaintiff might then have or might thereafter receive belonging to said A. Grant; that on the 21st day of August, 1889, in an action brought in the circuit

court for Multnomah county, Oregon, wherein J. P. Ames and E. Detrick, partners, were plaintiffs, and the said A. Grant was defendant, a writ of attachment was served on this plaintiff, and $757.10 with interest and costs were attached, and requiring him to retain in his custody said sum of money; that on the 12th day of November, 1889, the plaintiff received from London, England, to which market said hops had been shipped for sale, an account thereof, and after deducting all expenses and his just charges and commissions, the sum of $1,439.44 remained, which, as between the plaintiff and Grant, belongs to said Grant; that on November 30, 1889, a judgment was rendered by the said circuit court of Multnomah county in favor of Ames & Detrick and against said A. Grant for $765.85 with interest and costs, and by said judgment the plaintiff was directed to pay over to Ames & Detrick an amount sufficient to satisfy said judgment; that the plaintiff is ignorant of the respective rights of the defendants and cannot determine the same without hazard to himself; that he has no claim upon or interest in the said money and is ready and willing and hereby offers to deliver the same to any person the court may direct, and that the suit is brought without collusion. It also appears that the receiver was made a defendant by leave of the court appointing him. Prayer that the defendants interplead and that their rights be determined in said fund. The defendants were severally enjoined pending the litigation. The receiver answered, setting up substantially the same facts alleged in the complaint and demanding that the money in the plaintiff's hands be paid over to him as such receiver. Ames & Detrick also answered, claiming the amount of their judgment and costs out of said fund by virtue of their garnishment of the plaintiff and the judgment against Grant. The plaintiff in reply to their answer repeated in effect the same facts stated in the complaint. The cause being at issue, a referee was appointed to take and report the testimony. Upon the final hearing the com-

plaint was dismissed, from which plaintiff has appealed.

*W. T. Muir,* for Appellant.

*Geo. H. Burnett,* for Ames & Detrick.

*J. J. Shaw,* for McCully, Receiver.

Strahan, C. J.—Enough appears on the pleadings and papers accompanying them to show that the plaintiff is entitled to maintain this suit. The plaintiff is threatened with separate liabilities on claims which are substantially one and the same, which entitled such party to maintain the suit. By means of such suit a plaintiff may compel two or more persons who severally claim the same thing, debt or duty from the party liable therefor, to litigate the title thereto between themselves, the party liable having incurred no independent liability to any of the claimants, and being merely in the position of a stakeholder, without interest in the matter himself. (11 Am. & Eng. Ency. of Law, 494, title, "Interpleader.")

Ames & Detrick commenced their attachment proceedings long after the appointment of the receiver of Grant's property and assets. So far, then, as the right to the possession of this money is concerned, as between the receiver and Ames & Detrick, it is one of priority. Ames & Detrick claim no right to this money, or any portion of it, except by virtue of their attachment and garnishment of the plaintiff. Those proceedings were taken long after McCully was appointed receiver. It is said in Beach on Receivers, § 200, that the courts have now, as a rule, come to the conclusion that the title of a receiver on his appointment dates back to the time of granting the order, even though certain preliminary conditions must first be performed and the receiver remains out of possession pending such performance.

The decree of the court below must, therefore, be reversed, and a decree be entered here that the plaintiff pay and deliver the money in question into the hands of the receiver, and that upon such payment he be exonerated from all claim or liability to either of the defendants on account thereof.