Decided 30 June, 1902.

### NEW ZEALAND INS. CO. *v.* SMITH.

[69 Pac. 268.]

Interpleader—Appeal—Severable Decree.

A decree of interpleader is not severable, so as to permit a defendant to appeal from the part discharging plaintiff from liability, leaving its other provisions undisturbed as to the fund paid into court.

From Lane: James W. Hamilton, Judge.

Suit of interpleader by the New Zealand Insurance Co., a corporation, against E. C. Smith and others. From the decree in so far as it granted relief to plaintiff, defendant Smith appeals. The insurance company now moves to dismiss the appeal.

Dismissed.

*Mr. J. Clarence Veazie,* for the motion.

*Mr. Helmus W. Thompson, contra.*

Per Curiam. This is a motion to dismiss an appeal. On December 22, 1897, the plaintiff issued its insurance policy to one E. J. Frasier, covering $2,190, on certain personal property belonging to him. A portion of the property was afterward consumed by fire, and, the company denying liability, Frasier brought an action against it, in which he recovered a judgment for $1,700 on November 1, 1898. On appeal to this court the judgment was affirmed April 29, 1901: *Frasier* v. *New Zealand Ins. Co.,* 39 Or. 342 (64 Pac. 814). After the commencement of the action, but prior to the rendition of the judgment therein,

the insurance company was served with three writs of execution and notices of garnishment, based on judgments against Frasier, in favor of three certain parties. About the same time it was also served with notice of an attorney's lien by Frasier's attorneys. Soon after the rendition of the judgment, it was assigned by Frasier to one E. C. Smith, the respondent in this appeal. After the affirmance of the judgment, the company was advised by Smith and the attorneys of Frasier that they intended to disregard the levies or garnishments, and enforce payment of the judgment to them in full. The garnishors were preparing and threatening to prosecute their respective garnishments to judgment against the company, and as it was not in a position to determine with safety to itself the validity of these garnishments, or their priority with reference to one another, or to the claims of the attorneys of Smith and Frasier, it brought a suit, making all persons concerned parties, deposited the full amount of the fund in court, and prayed that the several claimants be required to interplead as to the ownership of the fund, and that it be distributed among them according to their respective priorities. After overruling all demurrers to the complaint, the court ordered that the defendants interplead by appropriate pleadings, which was accordingly done. Findings of fact and conclusions of law were thereafter made and filed, to the effect that the allegations of the complaint were true, that the case was a proper one for interpleader, that the plaintiff was entitled to be relieved from further liability to the defendants, and determining the rights of the respective parties to the fund in court, and directing a distribution thereof. Upon motion of Smith and other parties, a decree was entered in accordance with such findings and conclusions, the clerk was directed to distribute the fund as provided therein, the company was discharged from all further liability under or on account of the judgment recovered against it by Frasier, and the defendants were enjoined from maintaining or prosecuting any further proceedings against it on account of such judgment. Distribution of the fund was made by the clerk to the respective parties, in accordance with their rights as determined by the decree; Smith receiving and accepting the

amount directed to be paid to him.  He thereafter attempted to appeal from so much of the decree as held and adjudged "that the plaintiff have the relief prayed for in the complaint herein, and be discharged from all further liability under or on account of the judgment recited in the complaint rendered in this court in the said case of E. J. Frasier, plaintiff, v. The New Zealand Insurance Co., defendant, and that the defendants, and each of them, be forever enjoined from further setting up, maintaining, or prosecuting their, or any of their, said claims or demands against plaintiff."

Plaintiff now moves to dismiss the appeal, and, in our opinion, the motion should be sustained, because the decree is not severable, in the sense that Smith can appeal alone from that part discharging the plaintiff from liability, leaving its other provisions undisturbed.  In a suit of this kind, the decree, as to the plaintiff, must either be that the defendants interplead and the plaintiff be discharged from further liability, or that the bill of interpleader be dismissed: *Pope* v. *Ames,* 20 Or. 199 (25 Pac. 393) ; *North Pac. Lum. Co.* v. *Lang,* 28 Or. 246 (42 Pac. 799, 52 Am. St. Rep. 780).  The fund cannot be distributed, and the plaintiff remain liable on the claims interpleaded.  If the suit is dismissed, plaintiff is entitled to a return of the money paid into court, and such a decree cannot be made in this case, because no appeal has been taken from that part of the decree distributing the fund.  It has been disbursed and paid out to Smith and others in accordance with the directions of the court below, and is not now in the custody of the court, or subject to its orders.  If Smith desired to try the question on appeal as to whether the case was a proper one for interpleader, he should have appealed from the entire decree.  He cannot appeal from a part only, and leave undisturbed and in force that portion favorable to himself and the other defendants.  Where a decree is of such a character that a part may stand, although another portion is reversed, it is allowable in some instances for an appeal to be taken from a part only; but when it is not severable the appeal must be taken from the whole decree: *Portland Const. Co.* v.

*O'Neil,* 24 Or. 54 (32 Pac. 764); *Bush* v. *Mitchell,* 28 Or. 92 (41 Pac. 155). The motion to dismiss is therefore allowed.

Appeal Dismissed.

Decided 30 June, 1902.