ROBERT B. WAGSTAFF, *as Guardian, etc., et al.,* v. KITTIE T. WAGSTAFF *et al.*

No. 13,182. (72 Pac. 780.)

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed June 6, 1903. Dismissed.

*John Q. A. Norton,* and *F. M. McHale,* for plaintiffs in errror.

*Thomas O. Kelley,* for defendants in error.

*Per Curiam:* An action was brought to recover on a beneficiary certificate issued by the Ancient Order of United Workmen of Kansas. The defendant appeared, and upon proper application an order was made requiring the plaintiffs in error to interplead in the action, and notice to that effect was served on them. Thereupon, plaintiffs in error

moved to set aside the order of interpleader on various grounds, which motion was overruled, and exceptions taken. After the commencement of the action, plaintiffs in error brought an independent suit against the society to recover on the same beneficiary certificate.   Thereupon the defendant obtained, in the original action, an order restraining plaintiffs in error from the prosecution of such suit.   A motion to set aside such restraining order, upon various grounds, was overruled and exceptions taken.   Plaintiffs in error then brought the record in the district court to this court, and by a petition in error asked that the orders against them be reviewed.   Afterward, the district court entered an order requiring the payment of the money due on the beneficiary certificate to the plaintiff, and barring the plaintiffs in error from any interest therein, and entered another order permanently enjoining the plaintiffs in error from the prosecution of their independent suit.   Motions on the part of plaintiffs in error to set aside these orders were made and overruled, and exceptions taken.   Plaintiffs in error then, by leave of this court, filed a supplemental petition in error asking that the orders overruling the motions last mentioned be reviewed, and attached thereto a bill of exceptions relating to the proceedings attacked by the supplemental petition in error.

There is nothing whatever to show that the whole record in the case is before the court.   In the brief the plaintiffs in error, however, admit that the temporary restraining order has passed into a permanent injunction.   With the record in this condition, both petitions in error must be dismissed.   The first order cannot be reviewed, because no final judgment in the action is shown.   The granting of the temporary restraining order cannot be reviewed, because it has passed into a permanent injunction.   Neither the order disposing of the fund nor the order granting the permanent injunction can be reviewed, because of the incomplete state of the record.

The entire proceeding is dismissed.