PRESSED STEEL CAR CO. v. CHICAGO & A. R. CO.

(Circuit Court of Appeals, Seventh Circuit.   October 31, 1911.)

No. 1,844.

APPEAL AND ERROR (§ 100*)—RIGHT TO APPEAL—INJUNCTION—"HEARING IN EQUITY."

Defendant having instituted suit at law against complainant for breach of contract, complainant filed a bill on the equity side of the court for cancellation of the contract and to enjoin proceedings at law. Pending hearings on demurrer to the bill and other proceedings in the equity suit, the proceedings in the action at law were stayed by an agreement of counsel in open court; but counsel for defendant, on the overruling

---

of a demurrer to complainant's bill, stated that defendant did not wish to be further bound by such agreement. The court entered an order before trial restraining defendant from proceeding in the action at law until further order of the court. *Held*, that such restraining order was not an injunction granted or continued on a "hearing in equity," and was not, therefore, appealable under Court of Appeals Act March 3, 1891, c. 517, § 7, 26 Stat. 828 (U. S. Comp. St. 1901, p. 550), as amended by Act April 14, 1906, c. 1627, 34 Stat. 116 (U. S. Comp. St. Supp. 1909, p. 220), authorizing an appeal from an injunction granted or continued on a hearing in equity.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 100.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Chicago & Alton Railroad Company against the Pressed Steel Car Company. From an interlocutory order staying prosecution of defendant's suit at law against complainant until further order of the court, defendant appeals. Dismissed.

This appeal is from an interlocutory order, entered in the suit of appellee against the appellant, in equity, and the appellee moves for dismissal of the appeal, for want of appealable subject-matter. The order in question reads as follows:

"This cause having heretofore come on before the court for argument upon the demurrer of defendant to complainant's bill of complaint herein, and the said demurrer having been overruled by the court on the 25th day of May, A. D. 1911, and the defendant having been given 30 days from said date within which to answer said bill of complaint, now comes the defendant, by Isaac M. Jordan and Russell H. Wiles,. its solicitors, and suggests to the court that heretofore, by oral agreement of counsel in open court, the defendant has refrained from prosecuting its suit at law against the complainant pending on the law side of this court, and referred to and described in said bill of complaint, but that it does not wish to be further bound by said agreement of its counsel. Thereupon, in consideration of the premises and upon reading the bill of complaint, it is hereby ordered that the defendant, Pressed Steel Car Company, its agents and attorneys, be and it is hereby enjoined and restrained from further proceedings in said suit against the complainant described in the bill of complaint herein. being No. 30,039 on the law side of this court, until the further order of this court."

Isaac M. Jordan, Lewis H. Freedman, P. C. Dyrenforth, and Russell Wiles (W. W. Gurley, Adrian H. Joline, and Adrian H. Larkin, of counsel), for appellant.

Charles C. Linthicum and Winston, Payne, Strawn & Shaw (Silas H. Strawn, of counsel), for appellee.

Before BAKER and SEAMAN, Circuit Judges, and CARPENTER, District Judge.

SEAMAN, Circuit Judge (after stating the facts as above). This appeal is unauthorized within the general provision for the exercise of "appellate jurisdiction to review by appeal or by writ of error final decisions" of the trial courts, and the alleged right of review rests alone on section 7 of the Circuit Court of Appeals act, as amended in 1906 (34 Stat. 116), providing for an appeal "when upon a hearing in equity" in the trial court "an injunction shall be granted

or continued." As remarked in the opinion of Judge Grosscup, speaking for this court, in Root v. Mills, 168 Fed. 688, 689, 94 C. C. A. 174, 175, section 7, "in the interest of a more liberal right of appeal, is a distinct departure from the policy of appeals under the older chancery rules," and its limitation to such interlocutory orders arising upon "a hearing in equity" must be strictly observed. The well-recognized meaning of a hearing, upon proceedings for these interlocutory orders, as there defined, furnishes the test of appealability under such provision.

The order in question, while it enjoins the appellant from further proceedings in a suit at law against the appellee, until the further order of the court, does not purport, in terms, to be granted upon hearing of the parties, nor upon motion of the appellee therefor; nor is the presence of its counsel mentioned therein. It recites a hearing upon "demurrer of the defendant to complainant's bill," which had theretofore been overruled, with leave to answer the bill; that the defendant (appellant) by its solicitors suggests to the court that "heretofore, by oral agreement of counsel in open court, the defendant has refrained from prosecuting its suit at law" mentioned in the bill, "but that it does not wish to be futher bound by said agreement"; and that "thereupon, in consideration of the premises and upon reading the bill of complaint," the defendant is enjoined, as above stated. This order was entered June 6, 1911, after various proceedings under the bill, filed November 10, 1910, included hearings upon pleas to the jurisdiction, exceptions to the bill, and demurrer.

The relief sought by the bill is cancellation of a contract outstanding between the parties and to enjoin proceedings pending at law thereupon. When the bill was filed the complainant (appellee) moved for an order restraining the defendant pendente lite from prosecution of its suit at law. An order was entered thereupon, which recites the appearance of the attorney for the plaintiff in the suit at law (appellant) in response to notice of the motion, "but refusing to enter the appearance of the defendant herein, and agreeing in open court that no proceedings shall be taken in said suit at law by said plaintiff without leave of this court," and thereupon ordered that the motion for a restraining order be "continued to a date to be hereafter fixed, at the convenience of the court, upon motion of either party, but not to be prior to" November 25, 1910. The record discloses no subsequent reference to this motion, and it does not appear that it was either pressed on the part of the appellee or opposed by the appellant, when the order of June 6, 1911, was entered. Meantime, however, the above-mentioned independent proceedings upon jurisdictional pleas and objections to the bill were carried on for several months, but neither the several hearings, nor the orders respectively thereupon, lend support to the present appeal, although they may be indicative of an object sought therein.

Thus the record establishes the appellant's acquiescence in the motion for stay of its suit at law in so far as the agreement of its counsel, "in open court, that no proceedings shall be taken" therein "without leave of court," was given and accepted to that end, and, of

course, such stay was not appealable. Without evidence that the appellant intended to oppose the usual stay of the suit at law, in the event of failure to arrest the equity suit, no presumption arises, from the recitals of the order of June 6th, of contest or "hearing" thereupon, in the sense of the statute. Motion on the part of appellee is not referred to, and the order appears to be predicated on the suggestion of appellant's counsel of wish to withdraw their agreement to refrain from such prosecution.

We believe, therefore, that it must be presumed therefrom that the court entered the stay order as of course, seeming (to say the least) to be acquiesced in by way of substitution for the informal stay resting on the agreement, and that the order so made is not within the purview of the statute, as above defined, and not appealable under either of the several authorities cited by counsel in support of this appeal.

In conformity with the foregoing opinion, the appeal is dismissed.