## BACON v. GENNETT.

(Circuit Court of Appeals, Fifth Circuit. February 9, 1915.)

No. 2721.

COURTS ☞405—CIRCUIT COURT OF APPEALS—DECISIONS REVIEWABLE—FINALITY OF DETERMINATION.

In a suit by the United States to require conflicting claimants to land sought to be condemned to set up their claims by interpleader, B. and G. filed conflicting claims to six lots. Their claims were tried before a jury, resulting in a verdict for B. as to one lot and for G. as to the other five lots, and judgment was entered thereon. A motion by B. for a new trial was granted as to one of such five lots. *Held*, that as the judgment fully disposed of only five of the lots, leaving the title to one lot undetermined, and as the Circuit Court of Appeals has no jurisdiction, except in certain exceptional cases, to hear appeals from other than final decrees, the appeal was premature, and should be dismissed, since the judgment was not final, even considering the case between the parties as one at law, while the matter was in the nature of an issue out of chancery, as to which the verdict and judgment were advisory only, and required a decree in the main case to make them effective.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. ☞405.

Finality of judgments and decrees for purposes of review, see notes to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

Appeal from the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Suit by the United States to require conflicting claimants to land sought to be condemned to set up their claims by interpleader. From a judgment in favor of N. W. Gennett as to certain lots, Hal H. Bacon appeals. Appeal dismissed.

Arthur Heyman and P. H. Brewster, both of Atlanta, Ga., for appellant.

Andrew Bennett, of Franklin, N. C., for appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge. The case shows that the United States of America instituted its condemnation proceedings to condemn 32,000 acres of land lying in Fannin, Gilmer, Murray, and other counties in the northern part of Georgia. An examination of the title to said various tracts of land, including a great many land lots, showed that there were possibly hundreds of claimants in many cases having apparently conflicting interests, whereupon, in aid of said condemnation proceeding, a bill was filed by the United States of America on the

equity side of the District Court of the United States for the Northern District of Georgia, making all of these various conflicting claimants parties, and requiring them to come into court and set up by interpleader what, if any, claim they had to these respective properties. In response to the notice and service in said bill, Hal H. Bacon filed a claim to six land lots, to wit, Nos. 78, 104, 114, 145, 180, and 213, lying in the Sixth district and First section of Fannin county, Ga. N. W. Gennett also filed claim to said land lots Nos. 78, 104, 114, 145, 180, and 213 in the Sixth district and First section of Fannin county, Ga.

The disputed claims to said respective land lots between said Hal H. Bacon and N. W. Gennett were brought to trial before a jury, resulting in a verdict of the jury finding lot 114 to be the property of Hal H. Bacon, and lots 78, 104, 145, 180, and 213 to be the property of N. W. Gennett. A judgment was entered in accordance with this verdict. Counsel for Hal H. Bacon filed a motion for a new trial, complaining that said verdict and judgment, finding lots 78, 104, 145, 180, and 213 to be the property of N. W. Gennett, were contrary to law and contrary to the evidence. Said motion for new trial was continued until the March term, 1914, of the said court, at which time, to wit, on March 31, 1914, the court rendered a judgment granting said motion for new trial as to lot 104, and overruling said motion for new trial as to lots 180 and 214. Thereupon Bacon petitioned for and was allowed an appeal to this court.

The suit between Bacon and Gennett in the District Court was practically an interpleader covering the whole six lots involved, and the judgment of the District Court fully disposes of only five of them, leaving the title to one lot undetermined. As this court does not have jurisdiction (save in certain exceptional cases, of which this is not one) to hear appeals from other than final decrees, this appeal is premature and should be dismissed. See Menge v. Warriner, 120 Fed. 816, 57 C. C. A. 432; Rexford v. Brunswick-Balke-Collender Co., 228 U. S. 339, 346, 33 Sup. Ct. 515, 57 L. Ed. 864.

As against dismissal it was argued that the judgment appealed from was final as to five lots in controversy, and that if the appeal should be dismissed that judgment could be executed, and it would then be too late, after a final decree for appellant, to obtain full relief by appeal; but we consider that the judgment appealed from covering only part of the issues and not disposing of the whole controversy, was not final, even considering the case between the parties as one at law and on the law side of the court. But the case was one in equity, and the verdict of the jury and the judgment thereon—the matter being in the nature of "an issue out of chancery"—were not conclusive, but advisory, having no more effect than a master's report confirmed, and required a decree in the main case to be made effective. And here we may notice that, if the proceeding before the jury was really a trial at law, a writ of error, instead of an appeal, would have been required to authorize this court to review the same.

The appeal is dismissed.