Argued September 25, modified October 3, 1917, motion to recall mandate denied January 8, 1918.

## STATESMAN PUB. CO. *v.* FOLTIN.

(167 Pac. 782.)

**Interpleader—Conflicting Claims —Nature.**

1. The publisher of a number of periodicals offered prizes for the best solutions of a puzzle. After the close of the contest certain contestants claimed a number of the highest prizes, asserting that other contestants who submitted the four best solutions and three of whom were fellow countrymen, and related by blood or marriage, had violated the rules of the contest and were guilty of fraud or collusion, and that their solutions were the result of the individual efforts of one man. The contestants submitting these best solutions also claimed the prizes, and were only prevented from bringing actions therefor by an injunction in an interpleader suit brought by the publisher.

*Held,* that there was a proper case for entertaining a bill of interpleader.

[As to the right of interpleader, see note in 91 **Am. St. Rep.** 593.]

**Rewards—Persons Entitled—Evidence.**

2. In such suit of interpleader, evidence *held* insufficient to show fraud and collusion on the part of the contestants submitting the best solutions, though they were related, their method of procedure was substantially the same, and their results only slightly variant.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by the Statesman Publishing Company, a corporation, against Frank Foltin and others, and is known as a bill of interpleader. The facts out of which this controversy arose appear in the statement by the court. Affirmed in part and modified in part.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This suit is in the nature of a bill of interpleader filed by plaintiff and arises out of substantially the following circumstances: The plaintiff is the publisher of the "Oregon Statesman," the "Pacific Homestead," "Northwest Poultry Journal," and the "Oregon Teacher's Monthly," all published at Salem, Oregon. About November 15, 1914, plaintiff submitted to its old and new subscribers for such publications a figure puzzle for solution. The puzzle, which is too intricate for full description here, consisted of certain combinations of numbers arranged in squares, and forty cash prizes of different amounts were offered to subscribers who should be able by continuous and nonintersecting lines to include the greatest aggregate of squares whose figures added together should produce the highest sum. Certain rules for the contest were published, but it appears that in some minor particulars they varied in the different publications. Such variance is not important here. The first prize was $300, and at the con-

clusion of the contest it was claimed by Frank Foltin
and H. V. McClaen; McClaen claiming that Foltin had
been guilty of fraud and collusion with other parties,
and was, therefore, not entitled to receive the prize,
although his diagram actually included the highest sum
of figures. Stanislaus Janowski and Tillman each
claimed the second prize of $175; Janowski's diagram
showing the highest sum, but Tillman claiming fraud on
Janowski's part, which he alleged disqualified him as a
*bona fide* competitor. There was a like dispute on the
same grounds between John Kieradlo and Mrs. B. Jones
in relation to the third prize of $100, Kieradlo having the
highest sum of figures; between Kieradlo and McClaen
as to the fourth prize of $70; between McClaen and
Mrs. Jones for the fifth prize of $40; and between Mrs.
Jones and Tillman for the sixth prize of $25. The
complainant alleged that it was ignorant of and unable
to determine the respective rights of the parties; that
the defendants were each threatening to bring an action
at law against it for the respective prizes claimed; that
the plaintiff had no claim upon the money, aggregating
in all $710, and by its complaint tendered the money
into court to be distributed among the claimants as
the court might direct; that the respective defendants
were accusing each other of fraud and collusion in their
respective solutions of the puzzle and that plaintiff was
unable to determine whether or not there was fraud or
collusion on the part of any of the defendants. There
was a prayer in the usual form asking that defend-
ants be required to interplead concerning their claims,
and that plaintiff be discharged from all liability upon
paying the money into court. The defendants Foltin,
Janowski, Czyz, and Kieradlo filed a general demurrer
to the complaint, which was overruled, and they were
required to answer. Whereupon they answered, ad-

mitting the offering of the prizes and their respective claims thereto, denying on information and belief that the other defendants were making any claims, respectively, to said prizes or charging them with fraud or collusion in making the same, and generally denying all other allegations of the complaint. By way of cross-complaint they alleged the offer of prizes by plaintiff, their compliance with the rules prescribed for the contest, and the fact that each has won the prize which he claimed and prayed for a distribution of the fund accordingly. It was further pleaded that the court had no jurisdiction, and that plaintiff by wrongfully bringing this suit had prevented them from bringing actions at law to recover upon their respective claims, and prayed that the suit be dismissed and that they be awarded $150, necessary attorneys' fees and costs. McClaen, Tillman, and Mrs. Jones answered setting up their respective claims to the prizes and charging the defendants Foltin, Janowski, Czyz, and Kieradlo with fraudulent practices in respect to the contest. That portion of the answer is as follows:

"8. That prior to the time fixed by the plaintiff for the submission of solutions to said figure puzzle, the defendants Frank Foltin, Stanislaus Janowski, Charles Czyz, and John Kieradlo fraudulently procured from some source or quarter unknown to the defendants answering herein a combination of numbers which would produce the largest results.

"9. That prior to said last mentioned time said defendants Frank Foltin, Stanislaus Janowski, Charles Czyz, and John Kieradlo fraudulently conspired together and agreed that each should use the same combination of numbers so fraudulently obtained, with a few minor exceptions, and by reason of said collusion obtain for the said Frank Foltin said first prize of $300; for the said Stanislaus Janowski said second prize of $175; for the said Charles Czyz said third

prize of $100; and for the said John Kieradlo the said fourth prize of $70.

"10. That in pursuance of said collusion and in order to cheat and defraud the defendants answering herein said defendants Frank Foltin, Stanislaus Janowski, Charles Czyz, and John Kieradlo submitted to said plaintiff their fraudulent solutions to said figure puzzle which were as follows: Frank Foltin, 330,229; Stanislaus Janowski, 330,224; Charles Czyz, 329,988; and John Kieradlo, 329,949.

"11. That the highest solution of said figure puzzle, made in accordance with the rules and regulations of said contest, were as follows: H. V. McClaen, 328,281; H. C. Tillman, 326,908; and Mrs. B. Jones, 226,099.

"12. That the said contest closed on the 15th day of January, 1915, and at said time and ever since said date there has been due, owing, and unpaid defendants, H. V. McClaen, $300, H. C. Tillman, $175, and Mrs. B. Jones, $100, which sums have not been paid nor any part thereof.

"13. That by reason of the fraud practiced by defendants Frank Foltin, Stanislaus Janowski, Charles Czyz, and John Kieradlo, as herein set forth, the defendants answering herein have been compelled to file an answer herein, and contest in this proceeding, to their damage in costs and attorneys' fees of approximately $125, and by reason thereof, have been deprived of the use of said $575 since said 15th day of January, 1915."

Motions to strike out portions of the answer and a demurrer to the same having been overruled, the defendant last above named filed a reply putting in issue the affirmative matter in the answer of McClaen, Tillman, and Jones, and the plaintiff filed a reply putting in issue the new matter in the answer of Foltin, Janowski, Czyz, and Kieradlo, thus putting the cause at issue. Before the trial the money in dispute was brought into court and paid over to the clerk. The court found in favor of plaintiff upon the issues as to

the interpleader; and found that the defendants Foltin, Janowski, Czyz, and Kieradlo had voluntarily conspired and agreed that each should use a combination of numbers fraudulently obtained, with a few minor exceptions; that the solutions obtained by them were the result of the individual efforts of one man; that the defendants violated the rules of the contest and the advertised rules of the plaintiff in so fraudulently conspiring together, and that said conspiracy was entered into by said defendants to cheat and defraud McClaen, Tillman, and Mrs. Jones. There were findings that the three latter were respectively entitled to the three highest prizes and that plaintiff had been unable to ascertain who was entitled to the fourth, fifth, and sixth prizes. There was a decree accordingly directing the clerk to pay over out of the fund deposited the sum of $300 to McClaen, $175 to Tillman, and $100 to Mrs. Jones, after deducting therefrom their proportion of the costs and disbursements, and the remaining $135, less the costs retained, to be repaid to plaintiff for distribution to whomever should be entitled thereto. From this decree defendants Foltin, Janowski, and Czyz appeal.

AFFIRMED IN PART. MODIFIED IN PART.

For appellants there was a brief over the names of *Mr. Carey F. Martin* and *Mr. Ivan G. Martin,* with an oral argument by *Mr. Carey F. Martin.*

For respondent there was a brief and an oral argument by *Mr. James G. Heltzel.*

For defendants H. V. McClaen, H. C. Tillman, and Mrs. B. Jones, there was a brief submitted over the names of *Messrs. McNary & McNary* and *Mr. Ralph D. Moores.*

No appearance for the other defendants.

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. The plaintiff both by pleading and proof has shown a good cause for interpleader. It is evident that with two claimants for each of the three principal prizes it would have exposed itself to a multiplicity of small actions in regard to the fund in its hands had it assumed to pay it to any set of claimants. The appealing parties admit in their answer that they claimed, respectively, the first three prizes and were prevented from bringing actions to recover them only by reason of the injunction issued in this suit. The three defendants who were successful in the court below earnestly contend in their pleadings and by their evidence that they, respectively, are entitled to the three principal prizes and that their competitors were guilty of such fraud and collusion as to disqualify them as claimants. We are of the opinion that the circumstances bring this case clearly within the rule announced in *Pope* v. *Ames,* 20 Or. 199 (25 Pac. 393), and in *North Pac. Lumber Co.* v. *Lang,* 28 Or. 246 (42 Pac. 799, 52 Am. St. Rep. 780), and that the decree of the court so rendered was correct as to this branch of the case. Kieradlo has not appealed so as to the issue between himself and McClaen and the next highest on the list nothing need be said, except so far as it arises incidentally in the course of the proceedings.

2. It appears from the evidence that "upon the face of the returns" the appealing defendants and Kieradlo stand higher than McClaen, Tillman, and Mrs. Jones, and unless these results are shown by the preponderance of the evidence to have been fraudulently obtained, they were entitled to receive the prizes. The evidence of fraud and collusion on their part is very slight. Foltin, Czyz, and Janowski are all natives of Poland. Foltin is married to Janowski's aunt and

is blood uncle to Czyz. At the time of the contest Janowski was an attendant at the Oregon Insane Asylum, Czyz was at Dee, in Hood River County, about one hundred miles distant, and Foltin, about seven miles from Salem. Kieradlo resided in Chicago, and is not shown to have been acquainted with the three appealing defendants, and they all deny acquaintance with or any knowledge of him. This relationship of the three appellants and the fact that they were the three highest contestants, that their method of procedure was substantially the same, and the results only slightly variant, is practically the only evidence of fraud or collusion between them. It was claimed that the handwriting on the prize slips was so similar as to indicate that they were all written by the same person, but an inspection does not disclose any greater similarity than would probably be found to exist in the handwriting of any two persons of the same nationality who had received an ordinary education. It is all of the angular type peculiar to continental Europe, and in our judgment there are many and controlling indications that each slip was written by a different person. As to the method used it appears that there were several thousand contestants, and, perhaps, a million methods which would comply with the terms of the contest producing greater or lesser results, but it is plain that there must have been only one method to produce the highest result, and the nearer a contestant could approximate to that the better the result he would obtain. It is in evidence that these parties had engaged in other contests of a similar character, and their testimony discloses an intelligent comprehension of methods by which high results may be secured. They were not living in the same house or the same town, and but two of them in the same vicin-

ity, and they all testify that they never conferred in any way in regard to the work they were doing. That they chose the same method of solving the proposition may be attributed either to their experience in former contests or to their close attention to the conditions of the problem. Fraud is never presumed; it must be proved; and it is not sufficient to establish fraud that a few detached circumstances susceptible equally of an innocent or a guilty construction should be shown. The evidence shows that Kieradlo resides in Chicago, and that none of the appealing defendants ever saw or heard of him until this action, and yet he pursued the same methods and approximated the same results. So far as indicated by the evidence he never conspired with the appellants or had an opportunity to do so, yet he is found to be a co-conspirator with appellants and they with him because he and they used what seems to have been the best method and thereby obtained the best results. While the fact that these three appellants are related either by marriage or by consanguinity, and that they each have achieved a high score in the contest and by similar methods, are circumstances calling for close scrutiny, we do not feel that they are sufficient to overcome the presumption of fair dealing with which the law invests every transaction until it is overcome by a preponderance of testimony to the contrary.

As to the plaintiff the decree of the Circuit Court is affirmed with costs. As to the defendants appealing the decree is reversed and one will be rendered in their favor as against the defendants McClaen, Tillman, and Mrs. Jones as prayed in their cross-complaint.

AFFIRMED IN PART.    MODIFIED IN PART.

MR. JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE McCAMANT concur.