## CLEVELAND TRUST CO. et al. v. SIMMONS MFG. CO. et al.
### No. 6264.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1933.

H. Andrews and W. C. McCoy, both of Cleveland, Ohio (Evans & McCoy, Richey & Watts, and Andrews, Hadden & Burton, all of Cleveland, Ohio, on the brief), for appellants.

J. H. Bruninga, of St. Louis, Mo., for appellees.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The Simmons Manufacturing Company was the vendor of a device, of which the Sterling Products Company was alleged to be the manufacturer. In a patent infringement suit begun in the court below by the appellants as plaintiffs, the Simmons and Sterling Companies were charged as joint and several infringers. The Sterling Company was not found in the district, and service upon it could not be obtained. After the filing of an answer by the Simmons Company and preliminary proceedings in respect to interrogatories, the Simmons Company consented to an interlocutory decree, which provided, in addition to an injunction, for a reference to a master for an accounting of profits and damages. After some proceedings before the master, the plaintiffs presented a motion to the court asking for an enlargement of the order of reference. The plaintiffs wished to show that the action of the Sterling Corporation in the defense of the suit was such as to constitute an estoppel in any other suit involving the same parties and the same issues. In opposition to the motion the Sterling Corporation appeared specially for the purpose of objecting to the jurisdiction of the court over it. Upon consideration the motion was, by order, denied, and the plaintiffs appeal.

Several questions are presented by the assignments of error. One of them is whether participation in defense of a patent suit by one not served amounts to an appearance so that it can be made a formal party to the decree against its will. Another seems to be whether the independent act of one party consenting to a decree against it can bind the co-defendant on the theory of participation even though there had been no hearing upon the merits with respect to either. Neither of these questions need be answered, for the order appealed from is not in our judgment a final order in that it does not put an end to the litigation on the merits between all of the parties. Collins v. Miller, 252 U. S. 364, 370, 40 S. Ct. 347, 64 L. Ed. 616; Hohorst v. Hamburg-American Packet Co., 148 U. S. 262, 13 S. Ct. 590, 37 L. Ed. 443; General Electric Co. v. Allis-Chalmers Co., 194 F. 413 (C. C. A. 3); Electric Protection Co. v. American Bank Protection Co., 184 F. 916, 924 (C. C. A. 8). Nor can the appeal be sustained under section 227 (title 28 USCA), because the plaintiffs did not in their motion seek an injunction, and no hearing upon proceedings for injunction was had. Pressed Steel Car Co. v. Chicago & A. R. Co., 192 F. 517 (C. C. A. 7); American Grain Separator Co. v. Twin City Separator Co., 202 F. 202 (C. C. A. 8); Dreutzer v. Frankfort Land Co., 65 F. 642 (C. C. A. 6).

A motion to dismiss the appeal having been made, it is for the reasons set forth granted, and the appeal is dismissed. Judge HICKENLOOPER is of the opinion that the decree below should be affirmed.