**CREDIT BUREAU OF SAN DIEGO, Inc., et al. v. PETRASICH et al.**

No. 8682.

Circuit Court of Appeals, Ninth Circuit.

May 27, 1938.

Liggett & Liggett and Ruel H. Liggett, all of San Diego, Cal., for appellants.

William H. Wylie, of San Diego, Cal., for appellees.

Ben Harrison, U. S. Atty., and Francis C. Whelan, Asst. U. S. Atty., both of Los Angeles, Cal., for collector.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellants petitioned for, and were allowed an appeal from an order requiring

certain defendants to interplead, and litigate their rights to $1,020.37 paid into court.

One Salazar, a citizen of the Republic of Mexico, prior to June, 1933, conducted in San Diego, California, a business of importing lobsters and fish from Mexico and selling such products among the wholesale fish dealers. Salazar in June, 1933, having been advised that he had been indicted for violation of the revenue laws, fled to Mexico, where he has since been a resident, and has continued his business at Ensenada, Mexico, since that time. Salazar, has since June, 1933, employed his brother-in-law, Parades, as a common laborer in his business at Ensenada.

Petrasich and Kuglis were partners doing business as "Star Fisheries". Pursuant to a contract entered into by the partners and Salazar, there had been delivered to the partners certain lobsters. Credit Bureau of San Diego, Inc., a California corporation hereinafter called the Credit Bureau, conducts a collection agency. On February 27, 1936, the Credit Bureau, "as assignor" of Parades, brought an action against the partners to recover the purchase price of the lobsters mentioned, in a California state court.

Prior to August 27, 1936, the United States levied a distraint upon all property belonging to Salazar, for recovery of $84,863.02 due from Salazar for internal revenue taxes. On the date last mentioned, a collector of internal revenue, hereinafter called the collector, served upon the partners, a notice of the seizure and levy and a demand for payment to him of any amounts owing Salazar by the partners, not exceeding $84,863.02.

On March 2, 1937, after trial of the state court action, judgment was rendered therein in favor of the Credit Bureau and against the partners for $719.22 and costs in the sum of $301.15. Immediately after entry of the judgment, the collector made demand on the partners for the amount of the judgment, and gave notice to the partners "that the purported assignment * * * made in the name of * * * Parades to Credit Bureau * * * was executed and delivered to Credit Bureau * * * for collection of said obligation in pursuance of a scheme and device entered into by and between * * * Salazar and * * * Parades to conceal the true ownership of * * * Salazar to said obligation, to evade the levy and distraint made on * * * Salazar's properties and to hinder and delay the United States * * * in the collection of the unpaid taxes due it by * * * Salazar".

All the foregoing facts appear from the amended bill of interpleader.

The original bill, filed on April 13, 1937, in general, merely alleged recovery of the judgment by the Credit Bureau, the conflicting claim of the United States, and asked that the Credit Bureau and the Collector be required to litigate their claims. The partners deposited $1,025.77 with the clerk of the lower court. Pursuant to the prayer of the bill an order was made by the court below restraining all of the defendants from proceeding against the partners, and requiring the defendants to appear and show cause "why an interpleader should not be granted as prayed for" and restraining defendants from collecting the judgment. On April 17, 1937, the Credit Bureau, the clerk of the state court and the sheriff, filed a motion to dismiss, which was sustained on June 15, 1937.

The record discloses an order of the court below, made July 16, 1937, wherein it is recited that the partners had moved the court for a rehearing. The order of dismissal made June 15, 1937, was vacated, leave to file the amended bill was granted, and the "petition for rehearing" was vacated. On the same day the amended bill was filed.

On August 4, 1937, the Credit Bureau, the clerk of the state court, and the sheriff filed a motion for dismissal, based on various grounds, three of which were: (1) the court had no jurisdiction; (2) the bill failed to state a cause of suit; and (3) the bill failed to state facts sufficient to warrant equitable relief. On the same day, August 4, 1937, the same parties filed a motion to dissolve the restraining order.

On August 24, 1937, the court below made an order denying both the motion to dismiss and the motion to dissolve the restraining order. On August 26, 1937,[1] the court below made an order requiring the Credit Bureau and the collector to litigate their demands and discharging the partners from all further liability. On September 18, 1937, the court below allow-

---

[1] The date in the order is a clerical error. It gives the date as April 26, 1937.

ed the Credit Bureau, the clerk of the state court, and the sheriff, an appeal "from the interlocutory order and decree * * ' * entered in this cause on the 26th day of August, 1937". Below the signature of the trial judge appears a note wherein such judge stated: "A study of the problem involved in this appeal convinces me that the order of interpleader is not appealable, because it does not determine finally the rights of the appellants to the fund".

The collector has filed a brief stating that regardless of the outcome of the appeal "the claim of the United States in the fund involved herein will not be materially affected" because if the order is sustained the rights of the United States may be litigated herein, but if it is not, then such rights may be protected by a suit under 26 U.S.C.A. § 1568.

■ It should be noticed that a statement of "facts disclosing the basis upon which it is contended * * * that this court has jurisdiction upon appeal to review the judgment, decree or order in question" required by Rule 24 (2) (b) of this court, is not contained in any of the briefs before us, and likewise there are no references to statutes sustaining such jurisdiction. None of the parties here questions the jurisdiction of this court. Inasmuch as the federal courts are courts of limited jurisdiction, and each of them should independently decide whether it does or does not have jurisdiction, the fact that neither party questions our jurisdiction does not relieve them from the duty to make a statement to show our jurisdiction. Failure to make such a statement in the future, may be taken as good ground for compelling re-printing of the offending briefs. Notwithstanding the failure to question our jurisdiction, we should determine that question. The Taigen Maru, 9 Cir., 73 F.2d 922, 923.

■ Under the provisions of 28 U.S.C.A. § 225(b), this court has jurisdiction of appeals, "Where, upon a hearing in a district court * * * an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or

decree, or an application to dissolve or modify an injunction is refused * * *." 28 U.S.C.A. § 227.[2] That statute is not here applicable because the order appealed from, made August 26, 1937, contained no provision restraining or enjoining anyone.

■ We are given further jurisdiction by 28 U.S.C.A. § 226, which provides: "In cases in the district courts wherein they * * * adjudicate claims against the United States the judgments shall be subject to review in the circuit courts of appeals like other judgments of the district courts * * *." We believe that this statute is not applicable, because the "claims" referred to are apparently such as are provided in 28 U.S.C.A. § 41 (20). The instant case does not involve such a claim. The actual controversy is whether the United States has a lien on the funds deposited in the registry of the court, and not a controversy as to who is the actual creditor. The right of the United States arises by virtue of the statute creating a lien (26 U.S.C.A. § 1560), and not on the ground that the partners owed the debt to the United States. In other words, the suit is not one against the United States, but should be considered, in reality, as one by the United States to establish and enforce a lien on the fund. As such it would not be a claim "against" the United States.

With respect to our jurisdiction, 28 U.S.C.A. § 225(a) provides:

"The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions—

"First. In the district courts, in all cases save where a direct review of the decision may be had in the Supreme Court under section 345 of this title."

The order in question is not one in which a direct appeal may be had in the Supreme Court under 28 U.S.C.A. § 345. Therefore, this court has jurisdiction if the decision was "final" and if it was made by a district court. It was, of course, made by a district court, so the only question to be decided, with respect to our jurisdiction is: Was the decision appealed from final?

---

2 On the question as to whether an appeal may be taken from a temporary restraining order, see: Pack v. Carter, 9 Cir., 223 F. 638; Schainmann v. Brainard, 9 Cir., 8 F.2d 11; Bank of America Nat. Trust & Savings Ass'n v. Cuccia, 9 Cir., 93 F.2d 754, 758; Cleveland Trust Co. v. Simmons Mfg. Co., 6 Cir., 66 F.2d 134; Pressed Steel Car Co. v. Chicago & A. R. Co., 7 Cir., 192 F. 517. Taylor v. Breese, 4 Cir., 163 F. 678 seems to be contrary.

We are of the opinion that the order was not final. The matter in controversy is the fund. The partners made no claim to it. The order adjudicated no rights to it. As was said in Waialua Agr. Co. v. Christian, 9 Cir., 52 F.2d 847 "It contemplated further proceedings in the lower court". See also: Huxley v. Pennsylvania Warehousing & Safe Deposit Co., 3 Cir., 170 F. 587; Wagstaff v. Wagstaff, 67 Kan. 832, 72 P. 780; New Zealand Ins. Co. v. Smith, 41 Or. 466, 69 P. 268; Harrison v. Scott, 72 Mo.App. 658; 3 Street, Federal Equity Practice 1324, § 2251. Compare: Bank of Taiwan v. Gorgas-Pierie Mfg. Co., 3 Cir., 273 F. 660. The decree upon final hearing will be appealable. Standley v. Roberts, 8 Cir., 59 F. 836; Bacon v. Gennett, 5 Cir., 220 F. 663. The latter cases likewise support the view that the order in question was not appealable, for if an order on final hearing is final and appealable, it is difficult to see how the preliminary order could be final.

While it is true the order discharged the partners from further liability, the effect of the order is to leave the rights of the Credit Bureau and the collector to the fund unchanged. The trial court, by final decree will finally determine whether or not the interpleader was proper, and upon hearing may find that the evidence shows that there should have been no such preliminary order. 3. Street, Federal Equity Practice 1324, § 2251.

Appeal dismissed.