**CREDIT BUREAU OF SAN DIEGO, Inc., v. PETRASICH et al.**

No. 9573.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1941.

Liggett & Liggett, H. C. Liggett, and Ruel H. Liggett, all of San Diego, Cal., for appellant.

William H. Wylie, of San Diego, Cal., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a portion only of a judgment rendered in an action in which appellees Petrasich and Kuglis[1] interpleaded appellant Credit Bureau and the federal internal revenue collector for the southern district of California.

The case has been here before. Credit Bureau of San Diego v. Petrasich, 9 Cir., 97 F.2d 65. The events leading up to the interpleader suit are related in detail in the earlier opinion. Enough to say now by way of introduction that, on a claim assigned to it, appellant recovered a judgment against appellees in a state court for the sum of $1,020.37, including $301.15 costs. While the state court action was pending the United States served on appellees notice of a distraint and levy upon all property belonging to one Salazar and demanded payment to its internal revenue collector of the moneys sued for by appellant

---

[1] Petrasich and Kuglis will be referred to throughout as appellees. While the United States was served with notice of the appeal it has not participated in the proceeding here.

as being moneys in fact owed to Salazar. After the rendition of the judgment against them in the state court, appellees, to rid themselves of conflicting claims, filed a bill in the federal court interpleading appellant and the government's internal revenue collector and deposited with the clerk the amount of the judgment, with accrued interest. The latter court thereupon made an order requiring appellant and the collector to litigate their demands upon the fund and discharging appellees from further liability to either party. An appeal taken by the Credit Bureau from this order was dismissed as premature. Credit Bureau of San Diego v. Petrasich, supra.

After the dismissal of that appeal the United States was substituted for the collector. It filed a cross-complaint claiming the fund deposited as the property of Salazar. Appellant answered the cross-complaint, and on the issues set up in these pleadings there was a trial of the respective claims of the United States and the Credit Bureau to the fund on deposit.[2] The evidence taken is not in the record before us. The court found that appellant was a mere agent of Salazar for the collection of the obligation, and that appellant has no right or interest in the state court judgment save for the sum of $301.15 expended as costs in obtaining it. Otherwise the entire amount was found to be owing Salazar. It was further found that Salazar is indebted to the United States in amounts in excess of $80,000 and that the United States is entitled to the money on deposit representative of the judgment, except as to the included costs.

The judgment entered was in two parts. Part I is as follows:

"That the sum of $1025.77 on deposit with the clerk of this court in this action shall be distributed as follows:

"(a) To the United States of America the sum of $674.62 on account of the income tax liability of Luis M. Salazar;

"(b) To Credit Bureau of San Diego, Inc., a corporation, the sum of $301.15;

"(c) To William H. Wylie the sum of $50.00."[3]

Part II of the judgment is as follows: "That the Credit Bureau of San Diego, Inc., a corporation, or its assignees, is hereby permanently enjoined from attempting to collect any sums whatever from either Vincent Petrasich or Peter A. Kuglis, or either of them doing business as the Star Fisheries under the judgment of the Superior Court of the State of California in and for the County of San Diego rendered in behalf of the Credit Bureau of San Diego, Inc., against the said Vincent Petrasich and Peter A. Kuglis on the purported assignment from A. A. Parades to the Credit Bureau of San Diego, Inc."

Appellant has voluntarily accepted and retains the amount awarded it in part I of the judgment, but for all other purposes it ignores that feature of the adjudication. Nor has it brought up for review or specified as error the interlocutory order requiring it and the collector to litigate their respective demands. Recognizing, presumably, that a party may not ordinarily take the fruits of a judgment and at the same time appeal from it, the Credit Bureau has appealed from part II only; that is to say, it seeks a review and reversal merely of the order enjoining it from attempting to collect the state court judgment.

The chief proposition argued on the appeal is that the court had no jurisdiction of the subject matter, either under the interpleader act, 28 U.S.C.A. § 41(26), or under the terms of the general statute, 28 U.S.C. A. § 41(1).[4] However, the appeal leaves intact the vital portion of the judgment determinative of the controversy whether appellant or the United States should have the money on deposit. Appellant says it does not claim the money, but we do not know that. The findings indicate that it claimed the money below; and as already noted appellant's answer to the government's cross-bill is not in the record, so that we are not advised whether a formal claim was asserted or not. Certain it is that appellant has accepted the amount awarded it by the court.

Appellant says that the disposition of the balance of the fund on deposit is a matter of entire indifference to it; but we confess difficulty in seeing any justification for this professed air of detachment. The judgment below was not rendered in vacuo; it has its roots in the antecedent pleadings and in the findings of the court. Pos-

---

[2] So stated in finding XIX. While the government's cross-complaint is in the record, appellant's answer to it is not.

[3] The amount awarded Wylie was for an attorney's fee for the prosecution of the interpleader suit.

[4] Consult Security Trust & Savings Bank v. Walsh, 9 Cir., 91 F.2d 481.

sibly, if the judgment is wholly void for want of jurisdiction appellant may ignore it, or subject it to collateral attack as in effect it attempts to do here; but it can hardly prevail in that course while it retains the fruits. In its cross-complaint the United States claimed the whole of the fund, so that it can not be said that appellant was confessedly entitled to the sum collected. If the judgment is wholly void it binds the United States no more than it binds appellant; and on appellant's theory the government would be free to pursue appellees for the whole sum for which the latter were held liable in the state court. In such posture of affairs appellant has no standing here.

Appeal dismissed.