## MASSACHUSETTS MUT. LIFE INS. CO. v. MURDOCH et al.

### Civil Action No. 2120.

District Court, D. Oregon.
May 15, 1944.

Robert R. Rankin, of Portland, Or., for plaintiff.

Verne Dusenbery, of Portland, Or., for defendant Mary M. Stater, executrix.

**JAMES ALGER FEE, District Judge.**

This is a suit for strict interpleader brought by Massachusetts Mutual Life Insurance Company, a citizen by fiction of Massachusetts, against Jean D. Murdoch, a citizen of Oregon and Mary M. Stater, a citizen of Oregon as executrix by appointment of the Probate Court of that state of the will of Mary E. Murdoch, deceased. Mary E. Murdoch was a citizen of Oregon before her death and was originally a party defendant in this suit. Upon her death, the executrix was substituted. In this suit there was deposited $4,071.94 in court.

Mary E. Murdoch, during her lifetime, and Mary M. Stater, her executrix after her death, claimed the entire sum deposited. Upon the refusal of the insurance company to pay her claim, action was instituted by Mary E. Murdoch against the company in the state courts. That action, however, was not removed to this court and is now held in abeyance pending determination of this suit.

There is a serious controversy between plaintiff insurance company and defendant Stater as executrix upon the facts as to whether Jean D. Murdoch, the other defendant, has any claim which the insurance company should have regarded. The executrix insists that there is no power in this court to grant interpleader because diversity of citizenship does not exist between the two alleged claimant-defendants. This issue of jurisdiction was developed on pretrial conference and upon signing the pretrial order the court segregated this dispute for trial, first upon the facts which were agreed upon and stated in the order.

There is over $3000 in issue. The cause is not confined by the limiting phrases of statutory interpleader.[1] Complete diversity does not exist between all parties as there is identical citizenship in the two defendants. Discussion of the statute is then confusing since cases arising under it are not in point.

If all plaintiffs are citizens of one state and all defendants are citizens of other states, complete diversity exists. Where a court of the United States obtains jurisdiction of specific property in a situation where defendants are all citizens of the same state and plaintiffs of a different state, jurisdiction is also obtained to determine the rights of defendants adverse to each other in such property.[2] The underlying policy of the last mentioned doctrine also supports the power of a federal court to entertain an action removed from a state court where there is a several controversy "wholly between citizens of different States"[3] even though as a necessary consequence it must also determine other controversies between citizens of the same state.[4] Since the Supreme Court of the United States sustained an action under the federal interpleader statute where there was not complete diversity, upon the ground that there was no controversy between plaintiff and claimant-defendants, the fact that there is not complete diversity does not render the law unconstitutional.[5]

In strict interpleader, after plaintiff is discharged of liability, there must be two claimants adverse to each other claiming the whole fund. The claim must have arisen from a common source. Plaintiff must be indifferent between them and to have incurred no independent obligation to either. Plaintiff must have no claim upon the fund. If the plaintiff succeeded in establishing the prerequisites, the order of interpleader followed and plaintiff received attorney's fee and costs in the discretion of the court. Only after the order of interpleader is awarded and plaintiff discharged does the controversy between defendants arise as to the right to the fund in court.[6]

In Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462, it is held that in an interpleader case the federal judge must apply rules of conflicts of law laid down by state judges in

---

[1] John Hancock Mutual Life Ins. v. Kegan, D.C., 22 F.Supp. 326.

[2] Lilienthal v. McCormick, 9 Cir., 117 F. 89.

[3] 28 U.S.C.A. § 71.

[4] Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Barnett v. Mayes, 10 Cir., 43 F.2d 521; City of Gainsville v. Brown-Crummer Inv. Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781.

[5] Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

[6] The numerous cases and extensive literature upon the position of a plaintiff in strict interpleader indicate the jurisdictional prerequisites to the solution of the problem of the discharge of plaintiff from liability. Pomeroy's Equity Jurisprudence, 5th Ed., Symonds, Part IV, Group I, Chap. I; Story's Equity Jurisprudence, 14th Ed., Chap. XXIII, particularly § 1135–6; Bispham's Principles of Equity, 10th Ed., §§ 419–482.

his own State. Although modifications have been made by various statutes, in Oregon the orthodox theory is little changed. The two separate phases of the proceeding[7] are still carried out; first, there must be a determination whether the plaintiff can be discharged of liability by the deposit of the fund and second, if that be established, then the adverse claims of the defendants come into play. There are different procedural devices whereby these two phases may be determined but the rights of the parties are substantive in nature. The Supreme Court of Oregon says: "But, whichever course is adopted, the question as to whether the interpleader will lie is always preliminary to a trial of the issues between the defendants, as *without the establishment of this fact the defendants can have no contention as between themselves upon the record*."[8] It will thus be seen that the establishment of the right of plaintiff to interpleader in Oregon is of substance and as the courts of that State say, "jurisdictional."

█ Whether under the federal statutes or the law of Oregon, it still remains a defense against plaintiff that there is only one valid claim to the fund. Plaintiff has the burden in order to consummate its discharge by order of this court, of establishing that it is actually in doubt as to which of two or more claims it should pay. The executrix is contesting the right of the plaintiff to discharge herein. It is the position of the executrix that she is the only valid claimant of the fund and that the plaintiff was in no doubt whatever and should have paid the claim without deduction and without the necessity of suit. If the court should dismiss the cause now, appeal would lie. Thus, there is an actual contest over a question of fact and therefore, a valid controversy exists between the insurance company and the executrix which involves over $3000 and is between citizens of different states. Under the law of Oregon this is an actual controversy and upon the determination of this fact depends the right of the plaintiff to maintain the suit.

The able opinion of Judge Sanborn in Hunter v. Federal Life Insurance Co., 8 Cir., 111 F.2d 551, holds that there is federal jurisdiction in such a case pointing out that the preliminary controversy between the plaintiff in interpleader and the defendants is a real one and that such an action can be maintained even though both alleged claimants are citizens of one state which is different from that where plaintiff holds its citizenship. Here the actuality of the controversy is plainly outlined because the court must determine as a fact whether there are two substantial claims made to the fund. Doubt is thrown upon this question ·because one of the supposed claimants, although served, has not even appeared herein. This court, therefore, has jurisdiction although, if in the exercise of that jurisdiction it is determined that two apparently valid claims do not exist, the suit might be dismissed and the deposit released.

Appropriate findings may be prepared on this phase.

---

[7] Pope v. Ames, 20 Or. 199, 201, 25 P. 393; Statesman Pub. Co. v. Foltin, 87 Or. 65, 71, 167 P. 782; Maxwell v. Frazier, 52 Or. 183, 187, 96 P. 548, 18 L.R.A.,N.S., 102.

[8] North Pacific Lumber Co. v. Lang, 28 Or. 246, 253, 42 P. 799, 801, 52 Am.St. Rep. 780 (Emphasis supplied.)